IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL T. RAND,<br><br>  Defendant.<br><br>UNITED STATES OF AMERICA,<br><br>  Intervenor Plaintiff. | CIVIL ACTION FILE<br><br>NO. 1:09-cv-01780-AJB |

**O R D E R**

Before the Court is Defendant's "Request for an Order Requiring Disclosure and/or a Hearing on Undisclosed Witness Interviews," which the Court has construed as a motion, [Doc. 191]. Defendant essentially alleges that he was never provided exculpatory or impeachment evidence, namely witness interview summaries prepared by counsel for his former employer, Beazer Homes. [Doc. 191 at 1-2]. Defendant alleges that the witnesses were members of Beazer's audit

committee and that statements made by the witnesses contained *Brady*[1] and *Giglio*[2] material that he was legally entitled to receive during both the discovery process of this civil matter and his corresponding criminal matter prosecuted in the United States District Court for the Western District of North Carolina.[3]  [*Id.* at 2-3]. Defendant explains that he has a pending petition for a writ of certiorari and that he intends to file a "successive habeas and/or Rule 60(b) motion," stating that "[a] primary position in my habeas failing was a claim [that] I was denied" the witness interview summaries that he now requests this Court to disclose.  [*Id.* at 1].

The Court finds that Defendant's request is due to be denied.  First, though unclear, it appears that Defendant seeks the alleged impeachment material as a means to prove his innocence.  That claim is habeas in nature, and this Court lacks jurisdiction over it because Defendant's criminal proceedings took place in the Western District of North Carolina.  *See* 28 U.S.C. § 2255(a) (noting that the court

---

[1]   *Brady v. Maryland*, 373 U.S. 83 (1963).

[2]   *Giglio v. United States*, 405 U.S. 150 (1972).

[3]   Defendant's criminal case number in that district is 3:10-cr-00182-RJC-DSC.  Defendant was convicted of five counts arising out of his employment with Beazer Homes, including: conspiracy to commit securities fraud; conspiracy to commit mail or wire fraud; obstruction of justice; misleading conduct to hinder an investigation; and obstruction of official proceedings.  *United States v. Rand*, No. 3:10-cr-00182-RJC-DSC (W.D.N.C.), Doc. 380 at 1.

that *imposed* the sentence is the proper court for a motion to vacate). Second, to the extent Defendant's request could be construed as having been brought under Federal Rule of Civil Procedure 60(b), Defendant has not asked this Court to relieve him of the civil judgment against him. [*See generally id.*]; Fed. R. Civ. P. 60(b). And there is no provision in Rule 60(b) permitting disclosure of alleged discovery material. *See* Fed. R. Civ. P. 60(b). In any event, it is arguable that such a motion has not been made within a reasonable time, given that the judgment was entered in this civil action nearly three years ago. [*See* Doc. 184].

For these reasons, Defendant's "Request for an Order Requiring Disclosure and/or a Hearing on Undisclosed Witness Interviews," construed as a motion, is **DENIED**. [Doc. 191]. The Clerk is **DIRECTED** to mail Plaintiff a copy of this Order to his address of record: 20155 Northeast 38th Court, Unit 3104, Aventura, Florida 33180.

**IT IS SO ORDERED and DIRECTED**, this 28th day of February, 2022.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE